IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INGRID MANE<br>5134 30th Avenue<br>Apartment 2-O<br>Woodside, NY 11377,<br><br>      Plaintiff,<br><br>v.<br><br>NOMURA SECURITIES<br>INTERNATIONAL, INC.<br>2 World Financial Center, Bldg. B<br>New York, NY 10281,<br><br>      Defendant. | CASE NO.:_____<br><br>JURY TRIAL DEMANDED<br><br>CIVIL ACTION |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Ingrid Mane (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Americans with Disabilities Act (ADA), New York Executive Law and New York City Human Rights Law. Plaintiff alleges that she was unlawfully discriminated against on the basis of a perceived disability. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States. This Court also has supplemental jurisdiction over state law claims alleged herein because

they arise out of the same common nucleus of operative facts underlying Plaintiff's federal claim(s).

3.  This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.  Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Southern District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.  Plaintiff has exhausted the procedural and administrative requirements for proceeding under ADA , as amended. In particular:

    (a)  Plaintiff filed timely written charges of discrimination with the New York office of the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC");

    (b)  On or about January 4, 2007, the EEOC issued a notice that it was dismissing Plaintiff's EEOC charge(s) and issued a Right-to-Sue letter; and

    (c)  Plaintiff has filed the instant action within ninety (90) days of receiving the aforesaid Right-To-Sue letter and notice of dismissal.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant, a domestic business corporation, is a investment banking and securities firm with offices in the state of New York.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant in or about June 13, 2004.

12. During her employment with Defendant, Plaintiff was employed as a International Equity Settlement Representative.

13. In or about January 2006, Plaintiff was diagnosed with depression.

14. Plaintiff notified her manager, one Louie Colaccino, about her medical condition and that certain work-related factors were giving her difficulties, which triggered her depression.

15. Shortly after notifying Mr. Colaccino about said medical condition, Plaintiff was told that her job duties would be changing in that she would be cross-trained in a different department.

16. Plaintiff was not cross-trained as assured. Instead, her job duties were

stripped from her, and she was given menial tasks to complete. Plaintiff's work-related concerns were never adequately addressed.

17. Plaintiff was ultimately terminated in May 2006 when her manager told her that it was not working out.

18. As a direct and proximate cause of Defendant's actions as stated herein, Plaintiff has and continues to suffer damages, including but not limited to, past lost earnings, lost benefits, pain and suffering, and humiliation.

### Count I
### Violation of the American with Disabilities Act (ADA)
(Disability/Perceived Disability)

19. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

20. Plaintiff notified Mr. Colaccino that she was diagnosed with depression.

21. Defendant unilaterally transferred Plaintiff to another department following her discussion with Mr. Colaccino.

22. Plaintiff was given menial job tasks to complete and was told she would be cross-trained to learn new skills.

23. Defendant engaged in such adverse employment actions, as well as her termination, because it perceived Plaintiff to be mentally disabled due to depression and/or intended to discriminate against her due to her actual disability.

24. Such actions by Defendant constitute an unlawful employment action under the ADA.

## Count II
### Violation of the American with Disabilities Act (ADA)
(Failure to accommodate)

25. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26. Defendant failed to engage in a good-faith interactive process with regard to her expressed and work-related medical concerns.

27. Defendant failed to properly accommodate Plaintiff's medical request(s).

28. These actions as aforesaid constitute violations of the ADA.

## Count III
### Violations of New York City Administrative Code § 8-107(a)
(Disability Discrimination)

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Upon information and belief, Defendant discriminated against Plaintiff because of her perceived disability/handicap by transferring her to a different department, stripping her of her job duties, and failing to accommodate Plaintiff's medical request(s).

31. Defendant's actions constitute an unlawful employment practice under the New York City Human Rights Law.

## Count IV
### Violations of New York Executive Law § 296(1)
(Disability Discrimination)

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Pursuant to §296(1) of the New York Executive Law, it is an unlawful discriminatory practice for an employer to discriminate against an employee because that

employee suffers from a disability in terms, conditions or privileges of employment.

34. Defendant has engages in an unlawful discriminatory practice under §296(1) pf the State Human Rights Law by significantly reducing her assignments, responsibilities and terminating her on the basis of her disability.

35. As a result of Defendant's unlawful discriminatory practices, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff or any other present employees on any basis forbidden by state or federal law;

B. Defendant is to promulgate and adhere to a policy prohibiting the aforementioned discrimination;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

D. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, humiliation, and punitive damages caused by Defendant's actions;

E. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future.

  F. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

  G. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

  H. Plaintiff is permitted to have a trial by jury.

           Respectfully submitted,

           **KARPF, KARPF & VIRANT**

           _____
           Adam C. Virant, Esq. (AV5429)
           140 Broadway, 46th Floor
           New York, NY 10005
           (212) 929-6030 phone
           (212) 929-6123 fax

Dated: March 13, 2007